UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARSHALL ALEXANDER, III, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-262-KDE-SS** |
| **THE WACKENHUT CORPORATION, et al** | |

### ORDER

MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT
(Rec. doc. 10)

**GRANTED IN PART AND DENIED IN PART**

On January 11, 2007, the plaintiffs filed their complaint for damages against the defendants, The Wackenhut Corporation ("Wackenhut") and Wackenhut Services, Inc.  Rec. doc. 1.  The plaintiffs alleged that:  (1) defendants provided security services at Waterford III, an electric generating station, in St. Charles Parish, Louisiana; (2) for a period of years prior to April 3, 2006, defendants employed the plaintiffs as security guards at Waterford III; and (3) defendants wilfully failed to pay the plaintiffs their wages and overtime compensation for time required to arm themselves, check through security and disarm themselves in violation of the Fair Labor Standards Act, 29 U.S.C. § 201.  Rec. doc. 1.  On March 6, 2007, Wackenhut answered.  Rec. doc. 6.  Pursuant to a joint motion, Wackenhut Services, Inc. was dismissed.  Rec. doc. 8.  A scheduling conference was set for June 26, 2007.  Rec. doc. 9.

On May 10, 2007, plaintiffs filed their motion for leave to file their first supplemental and amending complaint. The proposed pleading alleges that: (1) Wackenhut provides security services at the Grand Gulf electrical generating station in Mississippi as well as Waterford III; (2) one group of the plaintiffs was employed by Wackenhut as security guards at Waterford III; (3) a second group was so employed at Grand Gulf; (4) for the seven years ending April 3, 2006, Wackenhut failed to pay both groups wages and overtime as described in the original complaint; (5) for the same period Wackenhut employed both groups for work weeks longer than 40 hours and failed to compensate them at a rate of least 1½ times their regular rate; and (6) they are owed damages. Rec. doc. 10.

The plaintiffs contend that since the filing of the original complaint, additional plaintiffs came to light who were employed at Waterford III and who suffered identical injuries. Wackenhut does not object to the plaintiffs amending their complaint to add the newly discovered security guards at Waterford III. The motion also seeks leave to add plaintiffs who were employed by Wackenhut at Grand Gulf in Mississippi. The motion urges that the injuries to the Grand Gulf plaintiffs arose from the same Wackenhut policies employed at Waterford III. It contends that for reasons of judicial economy, the Grand Gulf security guards should be added as plaintiffs. Wackenhut opposes their addition.

A scheduling order has not been entered, and therefore the plaintiffs are not required to present good cause to amend. See S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003), (Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired). Pursuant to Fed. R. Civ. P. 15(a), a motion for leave to amend shall be granted when justice so requires. It should not be denied unless there is a substantial reason to do so. Toward that end, the district court may consider factors such as whether

there has been an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.  Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998).

Wackenhut urges that there is a substantial reason to reject the addition of the Grand Gulf plaintiffs, because they would be improperly joined under Fed. R. Civ. P. 20(a).  Under the Federal Rules of Civil Procedure the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties.  The joinder of claims, parties and remedies is strongly encouraged.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 1138 (1966).  Rule 20(a) requires that the parties to be joined must first show that their claims arose out of the same transaction or occurrence, or series thereof, and, secondly, that a question of law or fact common to all joined parties will arise.  In re Norplant Contraceptive Products Liability Products Liability Litigation, 168 F.R.D. 579, 581 (E.D. Tex. 1996).

The claims of the Waterford III security guards are properly joined.  These security guards allege that their claims arise out common policies and procedures that were used by Wackenhut at Waterford III in violation of their rights under FLSA.  See Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974) (the claims of ten plaintiffs bringing employment discrimination based on company policy were properly joined).  They satisfy the requirements that their claims arose out of the same transaction or occurrence, or series thereof, and, secondly, that there is a question of law or fact common to all joined parties.  It is alleged that the security guards at Grand Gulf, who also were employed by Wackenhut, suffered from the same policies and procedures.  Joinder, however, is not proper if the addition of the parties will not foster the objectives of the rule, but will result in prejudice, expense or delay. 7 Wright, Miller and Kane, Federal Practice and Procedure §1652 (3rd

ed. 2001). Almost all, if not all of the Grand Gulf security guards, and the witnesses to their claims will be found in Mississippi. This will present substantial difficulties in presenting their information for discovery and their testimony for trial. The joinder of these Mississippi plaintiffs will frustrate rather than advance the goal of Rule 20(a). Contrary to the contention of the plaintiffs, considerations of judicial economy weigh against the amendment.

Wackenhut contends there are substantial reasons to deny leave to amend to add the Grand Gulf plaintiffs because of jurisdiction and venue issues. While it "admits there is jurisdiction over it on the claims as presently pled," it argues that the Court would lack personal jurisdiction to hear a case involving only the Grand Gulf plaintiffs. Rec. doc. 11. Putting aside the question of minimum contacts, the second prong of the due process analysis requires that a court examine: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. <u>Paz v. Brush Engineered Materials, Inc</u>. 445 F.3d 809, 814 (5th Cir. 2006). The two most important considerations on the issue of venue under 28 U.S.C. § 1404(a), are the parties' access to witnesses and their access to other sources of proof. <u>Southwest Securities Bank v. Southwest Bank</u>, 2004 WL 2983058, *1 (N.D.Tex.). These venue considerations as well as the judicial system's interest in efficient resolution of controversies present a substantial reason for denying plaintiffs' request to add the Grand Gulf security guards.

IT IS ORDERED that: (1) plaintiffs' motion for leave to amend (Rec. doc. 10) is GRANTED IN PART AND DENIED IN PART in accord with the terms of this order; and (2) within seven (7) working days of the entry of this order the plaintiffs shall file an amended complaint that includes the additional security guards at Waterford III.

New Orleans, Louisiana, this 12th day of June, 2007.

		SALLY SHUSHAN
		United States Magistrate Judge