UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARSHALL ALEXANDER, III, et al.** | * | |
| | * | **CIVIL ACTION NO. 07-262** |
| | * | |
| | * | **SECTION N (1)** |
| **VERSUS** | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THE WACKENHUT CORPORATION and** | * | **MAGISTRATE SHUSHAN** |
| **WACKENHUT SERVICES, INC.** | * | |

**JOINT STIPULATION AND MOTION TO APPROVE
SETTLEMENT (WITH EXHIBITS FILED UNDER SEAL)**

NOW COME Plaintiffs and Defendant The Wackenhut Corporation, by and through their respective attorneys, and submit the following stipulations to the Court (with attachments filed under seal in accordance with the accompanying Motion):

**I.   OVERVIEW**

The parties are pleased to report to the Court that a settlement has been reached in this case after well over a year of litigation. A key and material term of the settlement is that the amount of settlement in this agreement be kept confidential. Accordingly, the Parties have filed

herewith a joint motion to place the Settlement Agreement (attached hereto as Exhibit 1) and all other attachments to this motion under seal.

Because this case involves the assertion of claims under the Fair Labor Standards Act, settlement can only be effectuated through a waiver of FLSA claims and supervision of settlement by the United States Department of Labor or by the Court, supervision of the terms of the settlement is a condition of the settlement.

## II.     PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint in the United States District Court in the Eastern District of Louisiana on January 17, 2007. Plaintiffs' Complaint sought reimbursement for purported FLSA violation for 72 individual Security Officers employed by Wackenhut at the Waterford Three nuclear power plant.

During the course of discovery, the parties exchanged thousands of pages of documents (including personnel records and time cards). The parties also conducted more than 15 depositions. These depositions included testimony from representative Plaintiffs, supervisory personnel from Wackenhut management, and other witnesses during the relevant time period. The Parties also exchanged detailed payroll data for the representative Plaintiffs.

After several settlement discussions, the parties agreed to settle this action. The Parties twice used the services of Magistrate Judge Sally Shushan to assist in these efforts. As a result of the settlement conferences and other efforts, the Parties reached a negotiated settlement that will fully and finally resolve all of the claims of all Plaintiffs for alleged unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207,211(c) and 216(b), as well as any other claims released in the parties' settlement agreement (the "Settlement Agreement"). The Settlement Agreement, filed under seal, represents a fair and

reasonable compromise of Plaintiffs' claims, and the parties now move the Court to approve the settlement of this action, and stipulate to dismissal of this action with prejudice.

In order to be a binding settlement under the FLSA, a waiver of FLSA claims must be obtained in connection with a court-supervised settlement or a settlement supervised by the Department of Labor. The Court may approve a settlement where the settlement involves the resolution of a *bona fide* dispute and is a fair and reasonable compromise of issues that are actually in dispute.[1]

### III. THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF DISPUTED ISSUES

Plaintiffs' counsel believes that the causes of action, allegations, and contentions asserted in the action have substantial merit, and that the evidence developed to date supports the causes of action asserted. Defendant has strongly denied the allegations and positions asserted and denied the legal theories set for by Plaintiffs.

Both Parties recognize and acknowledge the expense, delay, and potential outcomes associated with the continued lengthy proceedings which would be necessary to prosecute the action through trial and through appeal. Plaintiffs' counsel has taken into account the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs' counsel further recognize that there is potential for a trier of fact to conclude that Plaintiffs are not entitled to relief under the Fair Labor Standards Act and/or to relief under the Fair Labor Standards Act that would exceed the amounts agreed to in the parties' Settlement Agreement. Plaintiffs' counsel believes that the Settlement Agreement confers substantial benefits upon each of Plaintiffs, and that a review of the settlement by the Court in the approval process will confirm

---

[1] *Lynn's Food Stores, Inc. v. U.S., By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.,* 679 F.2d 1350 (11th Cir.1982); *Jarrad v. Southern Shipbuilding Corp.*, 163 F.2d 960 (1947).

this. Based on a thorough evaluation, Plaintiffs' counsel has determined that the terms of the settlement, as set out in the Settlement Agreement, are in the best interests of Plaintiffs.

Defendant has denied and continues to deny that Plaintiffs are entitled to any recovery or relief under the Fair Labor Standards Act. Defendant has also denied and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damages by reason of the alleged failure to pay wages for all hours worked, or that the Plaintiffs were harmed by any of the conduct alleged in the action. Defendant has vigorously defended the claims in this action. Nonetheless, Defendant has concluded that the further conduct of the action would be protracted and expensive, and would require management and staff to dedicate considerable time to the further defense of this case that could be spent on operating the business, and that it is desirable that the action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement (filed under seal) in order to limit further expense, inconvenience, management and staff time, and distraction of key personnel.

In order to determine an appropriate amount of unpaid wages for the Plaintiffs, according to Plaintiffs' counsel, each Plaintiff will receive his/her *pro rata* share of the settlement proceeds, based on the damages. In accordance with the representative consent forms, Plaintiffs have agreed to the terms of the Settlement Agreement.

The settlement reflected in the Settlement Agreement represents a fair and reasonable settlement of a number of vigorously-contested, actual, *bona fide* disputes concerning liability, Plaintiffs' right to proceed as a collective action, the amount of damages claimed, and certain Plaintiffs' right to sue in this case.

The Parties stipulate, consent and agree to the entry of an Order in the form provided with this Joint Stipulation and Motion to Approve Settlement.

The Parties request that the Court approve the terms of the settlement per the terms of the accompanying Order.  Upon entry of the Order, the claims maintained in this suit will be dismissed with prejudice, with each party to bear and pay for its own attorneys fees and costs except as otherwise provided for in the Settlement Agreement and Order.

The parties agree that this Joint Stipulation and Order shall be deemed a settlement agreement and therefore may not be utilized by anyone in any lawsuit or other proceeding as provided for under the Federal Rules of Evidence and/or any applicable state rules or as may be necessary to defend against duplicative or released claims.

Plaintiffs' counsel advises the Court that, upon Court approval, they will send a mailing to each of Plaintiffs at their last known address advising them of the principal terms of the settlement and the amount each Plaintiff will receive.

The Parties are entering into this settlement for purposes of settlement and compromise only, to avoid the time, expense, costs, and staff time and attention associated with further litigation and to buy peace.  However, this stipulation and settlement does not constitute an admission by Defendant as to fault, liability, violation of any law, or wrongdoing, all such fault, liability and wrongdoing being expressly denied.  Plaintiffs disagree with and deny Defendant's positions, and Defendant disagrees with and denies Plaintiffs' positions.

**IV.     CONCLUSION**

The Parties hereby request the Court to enter the Consent Order submitted with this Stipulation, thereby approving the terms of the settlement.


| | |
|---|---|
| *s/ Larry Sorohan* | *s/ R. Glenn Cater* |
| ROBERT K. McCALLA | R. GLENN CATER |
|    Louisiana Bar Roll No. 9233 |    Louisiana Bar Roll No. 4048 |
| | CATER & ASSOCIATES, L.L.C. |
| LARRY SOROHAN | 124 South Clark Street |
|    Louisiana Bar Roll No. 26120 | New Orleans, Louisiana 70119 |
| | Telephone: (504) 485-5888 |
| FISHER & PHILLIPS LLP | Facsimile: (504) 485-5958 |
| 201 St. Charles Avenue | |
| Suite 3710 | and |
| New Orleans, LA 70170 | |
| Telephone: (504) 522-3303 | CHRIS EDWARDS |
| Facsimile: (504) 529-3850 |   (La Bar Roll No. 22349) |
| | 501 Derbigny Street |
| ATTORNEYS FOR DEFENDANT | Gretna, Louisiana 70053 |
| | Telephone: (504) 366-1121 |
| | |
| | COUNSEL FOR PLAINTIFFS |